IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. SANTELLANO, | No. C-11-1239 TEH (PR) |
| Petitioner, | |
| v. | ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS |
| SANTA CLARA COUNTY, et. al., | |
| Respondent(s). | (Doc. ## 2 & 4) |

Petitioner, a state prisoner serving his sentence at the Santa Clara County Jail in San Jose, California, has filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction following his guilty plea. Doc. #1.  He also seeks leave to proceed in forma pauperis, Doc. ## 2 & 4, which the Court now GRANTS.  For the reasons set forth below, the Petition will be DISMISSED.

I

According to the Petition, Petitioner pled guilty to violating California Penal Code section 290.11(b) and was sentenced

to sixteen months in state custody. Doc. #1 at 2. The petition also shows that Petitioner did not appeal his conviction and sentence, <u>see</u> Doc. #1 at 3, and that he has a post-conviction petition pending in the California Court of Appeal. <u>See</u> <u>id.</u> at 5.

## II

This Court may entertain a Petition for a Writ of Habeas Corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

A prisoner in state custody who wishes to challenge either the fact or length of his confinement by filing a federal Petition for Writ of Habeas Corpus must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court. <u>See</u> 28 U.S.C. § 2254(b) & (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). A dismissal solely for failure to exhaust is not a bar to Petitioner's returning to federal court after exhausting available state remedies. <u>See</u> <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 586 (9th Cir. 1995).

Because it appears from the Petition that Petitioner has not presented any of his claims to the California Supreme Court, he

has not exhausted his state court remedies.  As such, the Petition must be dismissed.  See Rose v. Lundy, 455 U.S. 509, 510 (1982).

## III

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (Doc. ## 2 & 4) is GRANTED.

2. The Petition is DISMISSED WITHOUT PREJUDICE to Petitioner's filing a new federal habeas petition once he has exhausted state remedies by presenting his claims to the California Supreme Court.

The Clerk is directed to dismiss any pending motions as moot and close the file.

IT IS SO ORDERED.

DATED     *10/11/2011*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.11\Santellano-11-1239-grant ifp-dissmiss-failure to exhaust.wpd